UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Caleb Marker<br>Hart Robinovitch | Erik Kemp |

**Proceedings:**    DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (Dkt. 14, filed Dec. 17, 2014)

## I. INTRODUCTION

On October 21, 2014, plaintiff Carlene Longest filed a class action complaint against defendants Green Tree Servicing, LLC ("GT Servicing"), and Green Tree Insurance Agency, Inc. ("GT Insurance"). Dkt. 1. On November 6, 2014, plaintiff filed the operative first amended complaint ("FAC"), adding Junxiu "Alex" Cai and Lifen "Regina" Cai as named plaintiffs and asserting claim on behalf of a proposed Florida class and a proposed California class. Dkt. 9. The FAC asserts the following claims: (1) breach of contract, in violation of California law; (2) breach of the implied covenant of good faith and fair dealing, in violation of California law; (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) money had and received (restitution), under California law; (5) breach of contract, in violation of Florida law; (6) breach of the implied covenant of good faith and fair dealing, in violation of Florida law; and (7) unjust enrichment, under Florida law. Id. As to the California class, plaintiffs assert claims 1 and 2 against GT Servicing, claim 3 against both defendants, and claim 4 against GT Insurance. Id. As to the Florida class, plaintiffs assert claims 5 and 6 against GT Servicing, and claim 7 against GT Insurance. Id.

Defendants filed a motion to dismiss plaintiffs' FAC on December 17, 2014. Dkt. 14.[1] Plaintiffs opposed the motion on January 16, 2015, dkt. 18, and defendants replied

---

[1] Defendants concurrently filed a request for judicial notice ("RJN"). Dkt. 15. In it, defendants request that the Court judicially notice two documents: (1) the deed of trust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

on January 26, 2015, dkt. 20. The Court held a hearing on February 9, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

As a condition for funding home loans, lenders require borrowers to purchase and agree to maintain hazard insurance coverage on the secured property. FAC ¶ 2. If a borrower is unable to maintain such coverage, the lender or loan servicer will obtain a policy on behalf of the borrower. Id. ¶ 3. These policies are know as "force-placed" or "lender-placed" insurance (referred to herein as "FPI" and "LPI"). Id. FPI policies provide less coverage than policies purchased by the borrower voluntarily, and are substantially more costly than such voluntary policies. Id.

Through this action, plaintiffs Carlene Longest, Junxiu Cai, and Lifen Cai challenge certain practices involving FPI. Specifically, plaintiffs allege that defendant GT Servicing, a residential mortgage loan servicer, and defendant GT Insurance, GT Servicing's affiliated insurance entity, "charg[e] residential borrowers for the 'cost' of procuring force-placed insurance from Assurant Inc. ("Assurant") and its subsidiaries . . .

---

dated July 20, 2005, which secured a loan from GMAC Mortgage dba ditech.com to plaintiff Carlene Longest by encumbering real property located at 192 East Branch, Nipomo, California 93444, RJN, Ex. A.; and (2) the mortgage dated May 22, 2007, which secured a loan from Countrywide Home Loans dba America's Wholesale Lender to plaintiffs Junxui and Lifen Cai, encumbering real property located at 105 Blue Jay Way, Davenport, Florida 33896, RJN, Ex. B. Federal Rule of Evidence 201(b) states that "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 789 F.2d 1279, 1282 (9th Cir. 1986). Here, the deed of trust and mortgage are both matters of public record, and plaintiffs do not contest their authenticity; indeed, plaintiffs cite to both documents in their opposition to defendants' motion. Opp'n at 4. Accordingly, the Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

but a portion of such 'cost' is returned, transferred, kicked-back or otherwise paid to [defendants]. [Defendants] do no meaningful work for the sums received, and therefore the payments amount to an unearned kickback designed to encourage the referral of business at extraordinary high prices." Id. ¶ 1. "Essentially, Assurant is engaging in a form of commercial bribery in order to induce [defendants] to purchase high-priced force-placed insurance policies, and have [defendants] refrain from seeking competitive bids in the market." Id. ¶ 36. Plaintiffs further allege that the kickbacks received by defendants are passed along to the borrower in the form of inflated FPI costs, id. ¶ 42, which are typically added to the principal balance of the borrower's mortgage loan or debited from the borrower's tax and insurance escrow account, id. ¶ 44

      In 2005, plaintiff Longest purchased real property located at 102 East Branch, Nipomo, California 93444 (the "California Property"). Id. ¶ 64. To finance the purchase of the California Property, Longest executed a written thirty-year, adjustable rate mortgage with GMAC Mortgage Corporation on July 20, 2005 in the amount of $200,000. Id. ¶ 65. Longest's mortgage was memorialized on a Fannie Mae/Freddie Mac Uniform Instrument (Form 3010 dated 01/01). Id. ¶ 66. Longest's mortgage includes a provision requiring her to maintain adequate property insurance to protect the California Property against loss by fire and other hazards, and also provides that the lender has the right to force-place insurance in if Longest fails to secure such a voluntary policy or if Longest's voluntary policy lapses. Id. ¶ 67. Effective on or about February 1, 2013, GMAC Mortgage, LLC assigned, sold, or transferred all interest in Longest's mortgage to defendant GT Servicing. Id. ¶ 68. Between February 2013 and December 2013, Longest received several notices from defendants indicating that they had acquired FPI policies on her behalf and debited at least $1,406.20 from Longest's monthly mortgage payments. Id. ¶¶ 69-74.

      In 2007, the Cai plaintiffs purchased real property located at 105 Blue Jay Way, Davenport, Florida 33896 (the "Florida Property"). Id. ¶ 79. To finance the purchase, the Cais executed a written thirty-year, fixed rate mortgage with Countrywide Home Loans, Inc. on May 22, 2007 in the amount of $184,000. Id. ¶ 80. Like Longest's mortgage, the Cais' mortgage was memorialized on a Fannie Mae/Freddie Mac Uniform Instrument (Form 3010 dated 01/01). Id. ¶ 81. The Cais' mortgage also contains a provision requiring them to maintain adequate property insurance to protect the Florida Property against loss by fire and other hazards, and provides that the lender has the right to force-place insurance if the Cais fail to secure such a voluntary policy or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

if the Cais' voluntary policy lapses. Id. ¶ 82. Since 2012, the Cais allege that defendants have debited at least $4,809.39 in FPI costs from their monthly mortgage payments. Id. ¶ 83.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (citing Twombly and Iqbal)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

#### A. Breach of Contract

Defendant GT Servicing asserts that plaintiffs have failed to state a claim for breach of contract under either California or Florida law.[2] To state a claim for breach of

---

[2] Defendants assert, and plaintiffs do not dispute, that California law applies to claims arising from Longest's mortgage and Florida law applies to claims arising from the Cais' mortgage. See Mot. Dismiss at 6, n.3. The choice-of-law clause in plaintiff Longest's mortgage provides for the application of California law, RJN Ex. A, § 16, and the choice-of-law clause in the Cais' mortgage provides for the application of Florida law, id., Ex. B, § 16. "A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." Gustafson v. BAC Home Loans Servicing, LP, 294 F.R.D. 529, 535 (C.D. Cal. 2013) (quoting Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (9th Cir. 2001)). Under California law, "the parties' choice [of governing law] generally will be enforced unless the other side can establish both that the chosen law is contrary to a fundamental policy of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

contract under California law, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach, and resulting damage. Vaccarino v. Midland Nat. Life Ins., Co., 2011 WL 5593883, at *7 (C.D. Cal. Nov. 14, 2011) (citing Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008)). To state a claim for breach of contract under Florida law, "a plaintiff need only allege the existence of 1) a valid contract; 2) a material breach; and 3) damages." Geter v. Galardi S. Enterprises, Inc., 2014 WL 4290550, at *4 (S.D. Fla. Aug. 29, 2014) (citing Abbott Labs., Inc., v. Gen. Elec. Capital, 766 So. 2d 737, 740 (Fla. 5th Dist. Ct. App. 2000)) (internal quotations omitted). Pursuant to Florida law, "a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006).

     Plaintiffs allege that defendants breached the terms of plaintiffs' uniform mortgages by force-placing insurance policies, the cost of which was inflated by unauthorized kickbacks, necessarily causing plaintiffs monetary damages. See, e.g., FAC ¶¶ 19-20, 65-66, 80-81, 83, 111, 155. Specifically, plaintiffs allege that the express terms of their mortgage instruments only allow GT Servicing to charge plaintiffs for the true "costs of the insurance coverage so obtained" and "amounts disbursed," and "nothing in the contract[s] authorize[] Green Tree Servicing to charge Plaintiff[s] for amounts retained, rebated or kicked-back to Green Tree for illusory placement services." FAC ¶ 109. See also id. ¶ 153. GT Servicing asserts that plaintiffs' breach of contract claims must be dismissed for three reasons: (1) plaintiffs fail to allege that GT Servicing breached an express term of the mortgage instruments; (2) plaintiffs cannot and do not allege their own performance under the contract; and (3) plaintiffs fail to allege recoverable damages. See Mot. Dismiss at 6. The Court addresses each of defendant's arguments in turn.

---

California and that California has a materially greater interest in the determination of the particular issue." Washington Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, 917 (2001). Because plaintiffs do not appear to contest the application of the choice-of-law provisions in their respective mortgages, the Court applies Florida law to the Cais' claims and California law to Longest's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

First, defendant asserts that plaintiffs have failed to allege breach because nothing in the mortgage instruments precludes defendants from receiving a commission—i.e., the fee referred to by plaintiffs as a "kickback"—for obtaining an FPI policy, and further, "the lender repeatedly disclosed the terms of the policy it would obtain." Mot. Dismiss at 8.

In support of these contentions, defendant relies heavily on Cohen v. Am. Sec. Ins. Co., 735 F.3d 601 (7th Cir. 2013) and Feaz v. Wells Fargo Bank, N.A., 745 F.3d 1098 (11th Cir. 2014). The Cohen court addressed a similar putative class action, which alleged that a loan servicer had force-placed hazard insurance on plaintiff's property pursuant to lucrative and exclusive kickback arrangements with American Security Insurance Company. 735 F.3d at 603. In affirming the district court's dismissal of plaintiff's claims, the court found that the use of the "pejorative term 'kickback' [was] not meaningful," since the essence of a kickback is the presence of divided loyalties. 735 F.3d at 611 (citing a decision of the Illinois Appellate Court). Because plaintiff's loan agreement made clear that FPI policies were for the benefit of the lender, and not the borrower, divided loyalties did not exist and the kickback theory failed. Id. The Feaz court accepted Cohen's definition of "kickback" wholesale, and affirmed dismissal of claims related to force-placed flood insurance. 745 F.3d at 1110-1111.

Although plaintiffs' attempt to distinguish Cohen and Feaz from the instant action misses the mark, the Court nonetheless declines to follow these two cases.[3] Even if this Court were to accept the definition of "kickback" adopted by the Cohen and Feaz courts—which the Court does not do at this juncture—as one court in this circuit recently explained:

---

[3] Specifically, plaintiffs contend that the Cohen and Feaz courts rejected the FPI claims because the plaintiffs in those actions conclusorily pleaded that the commissions were kickbacks without alleging that the kickbacks were unearned, or otherwise illegitimate. Mot. Dismiss at 8-9. Plaintiffs assert that, unlike in Cohen and Feaz, they have adequately alleged the unearned, illegitimate nature of the commissions. See Id. It appears to the Court, however, that the addition of such allegations would not have altered the outcome of Cohen and Feaz, since those courts rejected the very notion that a kickback could exist absent divided loyalties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

> [I]t does not necessarily follow . . . that [] the payments were contractually authorized or assessed in conformance with the covenant of good faith. The aspect of the [Feaz, Cohen, and Anapoell v. American Express Bus. Fin. Corp., 2008 WL 2225849 (D. Utah 2008)] opinions [that defendants] most urge this Court to apply is their conclusion that since the deed of trust advised Plaintiff that the cost of LPI might be significantly higher, and since nothing in the deed of trust specifically prohibited the receipt of commissions and fees as part of the "cost" of insurance, Defendants' actions were authorized under the contract as a matter of law. But . . . if this were the rule, it would grant unfettered license to mortgage servicers to mark-up the charges for force-placed insurance with no limit whatsoever.

Perryman v. Litton Loan Servicing, LP, 2014 WL 4954674, at *12 (N.D. Cal. Oct. 1, 2014) (internal quotations and citations omitted). The Court agrees with the reasoning of Perryman. In any event, such merits-based arguments are more appropriately resolved on a motion for summary judgment.

Moreover, the Court cannot conclude as a matter of law that the language of plaintiffs' mortgage instrument renders defendant's conduct proper. "[W]here the language [of a contract] is ambiguous, such that it is capable of two or more reasonable interpretations and therefore leaves doubt as to the parties' intent, a motion to dismiss must be denied." Maloney v. Indymac Mortgage Servs., 2014 WL 6453777, at *6 (C.D. Cal. Nov. 17, 2014). Here, although section 5 of plaintiffs' mortgages permits the loan servicer to force-place hazard insurance and to determine both the amount and scope of such coverage, section 9 states that the servicer "may do . . . whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . ." See RJN, Exs. A, B. As explained by the Maloney court when confronted with identical contractual language, "the tension between the discretion granted . . . by section 5 of the agreement and the limitations imposed by the 'reasonable or appropriate' language of section 9 create ambiguities regarding the authorized level of insurance and the propriety of commissions that cannot be resolved at this stage." 2014 WL 6453777, at *6.

Defendant's disclosure arguments are similarly unpersuasive. Although defendant asserts that it "repeatedly disclosed [to plaintiffs] that the [FPI] premium would include a commission paid to [Green Tree Insurance]," Mot. Dismiss at 9, plaintiffs do not dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

that defendant disclosed the existence of such commissions. Rather, plaintiffs allege that these "commissions" were actually unearned kickbacks paid by insurers to defendants in exchange for maintaining exclusive business relationships. See, e.g., FAC ¶¶1, 5-10, 24, 28-31, 35, 38-4. Rejecting similar arguments, another court explained:

> Green Tree is knocking down a straw man. [Plaintiff] does not contend that a commission can never be included as part of 'the cost of . . . insurance coverage,' nor does he contend that he was insufficiently warned that he would have to pay a commission. Instead, [plaintiff] contends that all or most of what Green Tree has *labeled* as a 'commission' was not, in fact, a commission, because the purported commission was so high, and because GT [Insurance] did so little to earn it. According to [plaintiff], the amount charged to Green Tree by [the insurer]—and then passed on to [plaintiff] by Green Tree—included not just amounts for the insurance and a commission, but also an *additional* amount that was simply graft. [Plaintiff] contends that, although [the insurer] kept some of this overcharge for itself, most of it was kicked back to Green Tree (through GT [Insurance]), essentially to bribe Green Tree to continue to do business with [the insurer].

Rapp v. Green Tree Servicing, LLC, 2013 WL 3992442, at *5 (D. Minn. Aug. 5, 2013) (emphasis in original).

Second, defendant contends that plaintiffs' claims for breach of contract fail because plaintiffs have not, and cannot, allege their own performance under the mortgage contracts. Mot. Dismiss at 9. In essence, defendant contends that plaintiffs' failure to maintain hazard insurance constitutes a material breach of the mortgage, and thus defendants' alleged breach—i.e., the allegedly improper acquisition of FPI policies—was excused.

The Court disagrees. "There are few principles of contract law better established, or more uniformly acknowledged, than the rule that when a contract not fully performed on either side is continued in spite of a known excuse, the right to rely on the known excuse is waived; in turn, the defense based on the excuse is lost and the party who would otherwise have been excused is liable if it subsequently fails to perform." Williston on Contracts § 39:31 (4th ed.). Acknowledging this principle, several courts have rejected the very argument presented by defendants here. See, e.g., Persaud v. Bank of Am., N.A., 2014 WL 4260853, at *8 (S.D. Fla. Aug. 28, 2014) ("Contrary to Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

argument, the fact Plaintiff initially breached the Mortgage when his insurance policy lapsed does not preclude his breach of contract claim."); Hamilton v. Suntrust Mortgage Inc., 2014 WL 1285859, at *4 (S.D. Fla. Mar. 25, 2014) ("SunTrust chose to continue the mortgage contracts by exercising its discretion to force-place insurance after Plaintiffs' admitted breaches . . .  For this reason, Plaintiffs' prior breaches of their mortgage contracts—regardless of whether they were material breaches—do not preclude their claim for breach of the implied covenant of good faith and fair dealing against SunTrust.).  Although defendant directs the Court to Passantino Miller v. Wells Fargo Bank, N.A., 2013 WL 57024, at *5 (E.D. Cal. Jan. 3, 2013) (granting motion to dismiss FPI breach of contract claim where plaintiffs alleged neither performance nor excused performance), reading the FAC in the light most favorable to plaintiffs, the Court finds that plaintiffs have adequately alleged excused performance.  See FAC ¶ 21 ("[T]the failure . . . to maintain hazard insurance . . . does not result in a material failure to perform under the mortgage contract").  FAC ¶ 21.

   Third, GT Servicing contends that plaintiffs have not alleged recoverable damages.  Mot. Dismiss at 10.  Specifically, defendant asserts that "since plaintiffs do not allege reduction of the commission would have reduced the total premium they were charged, they suffered no harm from inclusion of the commission in the premium." Id.  Stated otherwise, defendant contends that plaintiffs' claims are barred by the filed rate doctrine.

   The filed rate doctrine provides that "any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17, 18 (2d Cir. 1994); see also Gustafson v. BAC Home Loans Servicing, LP, et al., 2012 WL 7051318, at *4 n. 2 (C.D.Cal. Dec. 20, 2012) ("Gustafson II" ).  Courts in this district, however, have declined to dismiss FPI claims based on the filed rate doctrine.  See Vitek v. Bank of Am., N.A., 2014 WL 1042397, at *3-4 (C.D. Cal. Jan. 23, 2014); Smith v. SunTrust Mortg. Inc., 2013 WL 5305651, at *5-6 (C.D. Cal. Sept. 16, 2013) (noting that "the conclusion that the filed rate doctrine doesn't bar the asserted claims is consistent with the weight of relevant case law"); Gustafson II, 2012 WL 7051318, at *4 n. 2.

   For example, in Gustafson II the court drew a distinction between a challenge to defendants' conduct and a challenge to the rates themselves.  See Gustafson II, 2012 WL 7051318, at *4 n.2.  Other courts have drawn a similar distinction.  See, e.g., Maloney v. Indymac Mortgage Servs., 2014 WL 6453777, at *4 (C.D. Cal. Nov. 17, 2014) ("Just because the damages are based on increased costs incurred as a result of the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

kickback scheme does not transform a challenge to conduct and practices into a challenge to the premiums." (quoting another source)). Here, as in Gustafson II, plaintiffs do not challenge the rates themselves; rather, plaintiffs challenge GT Servicing's decision to purchase FPI policies that were inflated by improper kickbacks. See, e.g., FAC ¶ 8. It follows that, if proven, the damages recoverable by plaintiff—and caused by GT Servicing's breach—would equal the amount of the improper kickbacks. See Vitek, 2014 WL 1042397, at *3.

The Court thus concludes that plaintiffs have stated claims for breach of contract pursuant to both California and Florida law. Accordingly, the Court DENIES defendant's motion to dismiss these claims.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant GT Servicing contends that plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing under either California or Florida law. Both California and Florida courts recognize an implied covenant of good faith and fair dealing in every contract. See Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1188 (C.D. Cal. 2011) (citing Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 478 (1989)); Abels v. JPMorgan Chase Bank, N.A., 678 F. Supp. 2d 1273, 1278 (S.D. Fla. 2009) (quoting Centurion Air Cargo v. UPS Co., 420 F.3d 1146, 1151–52 (11th Cir.2005)). Although the implied covenant cannot vary the express terms of a contract, the failure to perform a discretionary act in good faith may be a breach of the implied covenant. Abels, 678 F. Supp. 2d at 1278. Thus, "where a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing." McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 956 (N.D. Cal. 2012) (quoting Perdue v. Crocker Nat'l Bank, 38 Cal. 3d 913, 923 (1985)). See also Abels, 678 F. Supp. 2d at 1278 ("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party.").

Here, plaintiffs allege that their mortgage instruments conferred discretion upon defendant GT Servicing to select FPI policies if plaintiffs failed to maintain hazard insurance. FAC ¶¶ 122, 166. Plaintiffs further allege that, by incorporating "secret kickbacks" into the cost of the FPI policies, GT Servicing abused that discretion, acting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

"unreasonably, in bad faith and with bad motive and intentions." Id. ¶ 123. Defendant GT Servicing asserts that plaintiffs cannot maintain claims for breach of the implied covenant of good faith and fair dealing under either Florida or California law because these claims merely duplicate plaintiffs' claims for breach of contract and are thus "superfluous." Mot. Dismiss at 11-12.[4]

Defendants are correct that, under both California and Florida law, a claim for breach of the covenant of good faith and fair dealing that is predicated upon the same underlying acts as a simultaneously asserted claim for breach of contract may be dismissed as duplicative. "California law requires that a claim for breach of the implied covenant of good faith and fair dealing 'go beyond the statement of a mere contract breach' and not 'rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action.' " Env't Furniture, Inc. v. Bina, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010) (quoting Careau & Co. v. Sec. Pac., 222 Cal. App. 3d 1371, 1395 (1990)). "In fact, plaintiffs must plead facts showing bad faith and demonstrating 'a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act.' " Id. Similarly, "[u]nder Florida law, a claim for breach of the implied covenant of good faith and fair dealing may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim." Alvarez v. Royal Caribbean Cruises, Ltd., 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (quoting another source).

The Court concludes that plaintiffs' claims for breach of the implied covenant of good faith and fair dealing do not duplicate their claims for breach of contract. Plaintiffs assert that the two claims are distinct because the former seeks to hold defendant accountable for "exercising its discretion in Plaintiffs' and Class members' transactions . . . in order to self-deal, maximize profits, and penalize Plaintiffs and the Class," Opp'n

---

[4] Defendant further contends that plaintiffs have failed to allege that GT Servicing abused its discretion in purchasing the force-placed insurance policies, and that any claim that defendant acted in bad faith is not plausible. Id. at 12-13. These arguments are without merit. Plaintiffs plainly allege that GT Servicing exercised its discretion in bad faith, see, e.g., FAC ¶ 127, and plaintiffs' claim of bad faith is plausible in light of the complaint's allegations concerning recent governmental investigations into FPI industry practices, see id. ¶ 56-60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

Mot. Dismiss at 14, whereas the latter "allege[s] that [defendant] breached the uniform mortgage instruments by, *inter alia*, exceeding its authority under the instruments by charging Plaintiffs and the Class a cost of insurance that exceeds the true costs of insurance and amounts truly disbursed because a substantial portion of the costs were returned to GTS as a kickback for 'illusory placement services,' " id. at 15. Accepting plaintiffs' allegations, as worded, as true, it appears that plaintiffs have alleged sufficiently distinct conduct to support their claim for breach of the implied covenant of good faith and fair dealing. Moreover, as plaintiffs point out, several courts have permitted breach of contract and breach of implied covenant claims to proceed simultaneously in FPI cases. See, e.g., Ellsworth v. U.S. Bank, N.A., 908 F. Supp. 2d 1063, 1084-87 (N.D. Cal. 2012); McNeary-Calloway, 863 F. Supp. 2d at 955-59; Hamilton, 6 F. Supp. 3d at 1308-1310.[5]

Because the Court concludes that plaintiffs have stated claims for breach of the implied covenant of good faith and fair dealing under both California and Florida law, the Court DENIES defendant's motion to dismiss these claims.

### C. Unjust Enrichment & Restitution

Defendant GT Insurance asserts that plaintiffs' claims for unjust enrichment and restitution fail as a matter of law. "Under the law of restitution [in California], an individual may be required to make restitution if he is unjustly enriched at the expense of another." Ghirardo v. Antonioli, 14 Cal. 4th 39, 51, 57 (1996). "A person is enriched if he receives a benefit at another's expense." Id. However, "[e]ven when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." Id. (internal quotation marks and citation omitted). Under Florida law, "[t]he essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value there." Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006).

---

[5] In any event, as discussed in greater detail with regard to plaintiffs' unjust enrichment claims, infra, Federal Rule of Civil Procedure 8(d) entitles plaintiffs to plead claims in the alternative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

Plaintiffs allege that they have conferred a benefit upon defendant GT Insurance by paying for FPI policies that were inflated by the costs of "kickbacks and commissions subsumed into the price of the insurance premium." FAC ¶¶ 144, 182. Plaintiffs further allege that GT Insurance's retention of this monetary benefit is necessarily unjust, since the benefit is the product of unauthorized kickbacks. See id. ¶¶ 142-48; 179-86.

First, defendant contends that plaintiffs' unjust enrichment and restitution claims must be dismissed because plaintiffs have not plausibly alleged that receipt of a commission or kickback would be unjust. Mot. Dismiss at 14. The Court rejects this contention for reasons discussed in detail, supra—namely, because plaintiffs have plausibly alleged that defendant's receipt of kickbacks from insurers violated the terms of plaintiffs' mortgages.

Second, defendant contends that plaintiffs "cannot sue in quasi-contract since an express contract covers the subject matter of their claims." Mot. Dismiss at 14. Defendants are correct that, under both California and Florida law, a party may not pursue a quasi-contract claim for unjust enrichment or restitution when an express contract governs the same subject matter. Gordon v. Chase Home Fin., LLC, 2012 WL 750608, at *4 (M.D. Fla. Mar. 7, 2012); Solano v. America's Servicing Co., 2011 WL 4500874, at *9 (E.D. Cal. Sept. 27, 2011). However, Rule 8(d) of the Federal Rules of Civil Procedure expressly permits a plaintiff to plead claims in the alternative, and courts confronted with FPI claims have permitted unjust enrichment and breach of contract claims to proceed simultaneously. See, e.g., Montoya v. PNC Bank, 2014 WL 4248208, at *12 (S.D. Fla. Aug. 27, 2014) ("[T]he Court finds that Rule 8(d) expressly permits pleading in the alternative, even if Plaintiffs' theories are inconsistent"); McNeary-Calloway, 863 F. Supp. 2d 935 (N.D. Cal. 2012). See also Weingand v. Harland Fin. Solutions, Inc., 2012 WL 3763640, at *4 (N.D. Cal. Aug. 29, 2012) ("[E]ven though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative.") (quoting another source). Here, plaintiffs' opposition expressly invokes the alternative pleading permitted by Rule 8(d). Opp'n Mot. Dismiss at 21-22. Construing the FAC in the light most favorable to plaintiffs, the Court concludes that plaintiffs have pleaded their contract and unjust enrichment claims in the alternative, and declines to dismiss the unjust enrichment claims on these grounds.

Third, defendants contend that plaintiffs' claim for unjust enrichment under Florida law cannot survive because the Cai plaintiffs have not alleged that they conferred a "direct benefit" on GT Insurance. Mot. Dismiss at 16. Specifically, defendant asserts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

that plaintiffs do not allege that they paid the allegedly inflated FPI costs directly to GT Insurance. Id. Although defendant is correct that Florida unjust enrichment law requires a plaintiff to make a "direct payment" to a defendant, Circeo-Loudon v. Green Tree Servicing, LLC, 2014 WL 4219587, at *5 (S.D. Fla. Aug. 25, 2014), courts applying Florida law have also explained that "just because the benefit conferred by Plaintiffs on Defendants did not pass directly from Plaintiffs to Defendants—but instead passed through a third party—does not preclude an unjust-enrichment claim," Williams v. Wells Fargo Bank N.A., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011). Here, plaintiffs allege that GT Insurance generates significant revenues from unlawful kickbacks disguised as commissions, and that GT Insurance and GT Servicing reap these benefits acting in concert. See FAC ¶¶ 42-55; 178-87. Construing the FAC in the light most favorable to plaintiffs, the Court concludes that plaintiffs have properly alleged conferral of a benefit upon GT Insurance.

Defendants resist this conclusion, citing Virgilio v. Ryland Group, Inc., 680 F.3d 1329 (11th Cir. 2012). Reply at 10. In Montoya v. PNC Bank, N.A., the court rejected a similar argument, explaining:

> In Virgilio, the plaintiffs did not seek to recover a benefit that they had paid the defendant in question. Instead, they focused on money that *another* defendant had paid to its co-defendant under an entirely separate services contract. 680 F.3d at 1337. Here, [plaintiff] seeks to recover amounts deducted from *his* escrow account and paid to [the insurer] for forced coverage. These allegations suffice to plead an unjust enrichment claim and to show that it would be inequitable for [the insurer] to retain the benefit conferred.

2014 WL 4248208, at *13 (S.D. Fla. Aug. 27, 2014). Similarly, the Florida plaintiffs seek to recover monies deducted from their own monthly mortgage payments for the cost of allegedly inflated FPI policies—monies that directly benefitted GT Insurance, even if they were paid in the first instance to GT Servicing. Drawing all inferences in plaintiffs' favor, the Court concludes that dismissal of the Florida unjust enrichment claim is unwarranted on this basis. Accord Williams, 2011 WL 4901346, at *5.

In accordance with the foregoing, the Court DENIES defendant's motion to dismiss plaintiffs' unjust enrichment and restitution claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

### D.     UCL

California Business and Professions Code Section 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Section 17200 allows suits "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Id. § 17204. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal .App. 4th 1544, 1554 (2007) (quoting Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647 (1996)).

The Court concludes that plaintiffs allege sufficient facts to proceed under the unfair prong of section 17200.[6] "California appellate courts disagree on how to define an 'unfair' act or practice in the context of a [Section 17200] consumer action." Rubio v. Capital One Bank, 613 F.3d 1195, 1204–05 (9th Cir. 2010); see also Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007) ("In the absence of further clarification by the California Supreme Court, we endorse the district court's approach to the law as if it still contained a balancing test.").

Plaintiff's allegations satisfy the balancing test used by California courts. Under that test, an "unfair" business practice occurs when the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." S.Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861, 886 (1999). Here, plaintiffs allege that defendants violated the "unfair" prong of Section 17200 by charging plaintiffs for FPI policies inflated by "unreasonable and unnecessarily excessive commissions and/or kickbacks." FAC ¶ 138. Plaintiffs further allege that "the justification for Green Tree's practices and conduct is outweighed by the gravity of the injury to Plaintiff Longest and the Class." Id. ¶ 13. At the motion to dismiss stage, these are sufficient allegations of a practice by Defendants that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." See also McNeary-Calloway, 863 F. Supp. 2d at 962 ("The Court declines to grant Defendants' Motion on the 'unfair' prong of the UCL claim as to any Plaintiff

---

[6] To the extent that plaintiffs seek relief pursuant to the UCL, it appears to be in the nature of restitution, since damages are unavailable. See Nelson v. Pearson Ford Co., 186 Cal. App. 4th 983, 1015, 112 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-08150-CAS(RZx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | CARLENE LONGEST V. GREEN TREE SERVICING LLC ET AL. | | |

because the Court cannot say, as a matter of law, that Defendants alleged conduct would not violate any of the three tests [enumerated by California courts] for unfair conduct.").

Accordingly, the Court DENIES defendants' motion to dismiss plaintiffs' claim for violation of the UCL.

## V.     CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to dismiss plaintiffs' first amended complaint, and defendants are hereby ORDERED to answer.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |