RIDOUT LYON + OTTOSON, LLP
CHRISTOPHER P. RIDOUT, ESQ (State Bar No. 143931)
  E-mail: c.ridout@rlollp.com
CALEB MARKER, ESQ. (State Bar No. 269721)
  E-mail: c.marker@rlollp.com
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

ZIMMERMAN REED, PLLP
HART L. ROBINOVITCH, ESQ. (Admitted *Pro Hac Vice*)
  E-mail: Hart.Robinovitch@zimmreed.com
BRADLEY C. BUHROW, ESQ. (CA Bar No. 283791)
  E-mail: Brad.Buhrow@zimmreed.com
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
(480) 348-6400 Telephone
(480) 348-6415 Facsimile

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLENE LONGEST, JUNXIU "ALEX" CAI and LIFEN "REGINA" CAI, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware limited liability company, GREEN TREE INSURANCE AGENCY, INC. a Minnesota corporation.<br><br>Defendants. | Case No.: 2:14-cv-08150-CAS (RZx)<br><br>**DECLARATION OF HART L. ROBINOVITCH IN SUPPORT OF PLAINTIFFS' REVISED MOTION FOR CLASS CERTIFICATION**<br><br>Date: June 15, 2015<br>Time: 10:00 a.m.<br>Courtroom: 5 |

I, Hart L. Robinovitch, hereby declare as follows:

1. I am a partner of Zimmerman Reed P.L.L.P. and am a member in good standing of the State Bars of Arizona and Minnesota. I have been admitted to practice law before this Court *pro hac vice* and am one of the attorneys of record representing Plaintiffs in the above-captioned matter. I submit this Declaration in Support of Plaintiff's Revised Motion for Class Certification. I have personal knowledge of the statements contained herein and if called as a witness, I would testify thereto.

**A.     Adequacy of Representation**

2. I am a graduate of the University of Toronto Law School in Toronto, Ontario, Canada. I have been a member in good standing of the State Bar of Minnesota since 1993 and the State Bar of Arizona since 2001. I am also admitted to practice before the following courts: United States District Court for the District of Arizona and District of Minnesota; United States Court of Appeals for the Sixth Circuit, the Eighth Circuit, the Ninth Circuit, and Eleventh Circuit; and the United States Supreme Court.

3. I starting working at Zimmerman Reed, PLLP as an associate attorney in April, 1994. I have been a partner at Zimmerman Reed since approximately 2003. Since 1994 my practice has continuously focused on serving as class counsel in a variety of different types of class actions, including but not limited to those involving wage and hour law violations, consumer fraud, deceptive trade practices, and mortgage and banking law violations.

4. I have never faced any discipline or received any sanction from a state bar association for misconduct or ethical violation.

5. I have worked closely with other attorneys and paraprofessionals at my firm to litigate the claims of Plaintiffs and the putative classes, including, but not limited to, Bradley C. Buhrow, an associate attorney. Mr. Buhrow is a graduate of the University of Arizona and California Western School of Law. He is admitted to practice law in the State of California. Since joining Zimmerman Reed, Mr. Buhrow

has worked on a number of consumer class actions and is qualified to do so in this case. With respect to this litigation, Mr. Buhrow has worked on numerous matters and has been responsible for drafting the complaint, motion practice, legal research, document review, and assisting with numerous discovery matters.

6. The Zimmerman Reed law firm, with offices in Minneapolis, Minnesota and Scottsdale, Arizona, has extensive experience in the prosecution, trial and settlement administration of a broad range of class actions and other types of complex litigation, as the attached firm resume shows. *See* Exhibit A.

7. Zimmerman Reed is a nationally recognized leader in complex and class action litigation and has been appointed as lead counsel in some of the largest and most complex cases in federal and state courts across the country.

8. Zimmerman Reed, PLLP was founded in 1983 and has successfully represented thousands of consumers and injured individuals nationwide in significant and demanding cases. The firm's practice includes a wide range of legal issues and complex cases involving consumer fraud, business torts, contract disputes, ERISA, shareholder actions, environmental torts, pharmaceutical drugs, dangerous or defective products, employment classification disputes and privacy litigation.

9. Since 2010, Zimmerman Reed has earned a first-tier "Best Law Firm" ranking among top law firms in the country by *U.S. News & World Report*.

10. Zimmerman Reed has been appointed Lead or Liaison Counsel in over a dozen MDLs including, but not limited to:

- *In re Mortgage Escrow Deposit Litigation*, MDL No. 899
- *In re St. Jude Medical, Inc. Silzone Heart Valves Products Liability Litigation*, MDL No. 1396
- *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 1708
- *In re Zurn Pex Plumbing Products Liability Litigation,* MDL No. 1958
- *In re National Arbitration Forum Trade Practices Litigation*, MDL No. 2122

- *In re Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, MDL No. 2441
- *In re Target Corporation Customer Data Security Breach Litigation,* MDL No. 2522
- *In re National Hockey League Players' Concussion Injury Litigation*, MDL No. 2551

11. In addition, Zimmerman Reed has been appointed to the Plaintiffs' Steering Committee or sub-committees in over two dozen MDLs including, but not limited to:

- *In re Silicone Gel Breast Implant Products Liability Litigation,* MDL No. 926
- *In re Propulsid Products Liability Litigation*, MDL No. 1355
- *In re Welding Rods Products Liability Litigation*, MDL No. 1535
- *In re Fedex Ground Package System, Inc., Employment Practices Litigation*, MDL No. 1700
- *In re Building Materials Corp. of America Asphalt Roofing Shingle Products Litigation,* MDL No. 2283
- *In re National Football League Players' Concussion Injury Litigation*, MDL No. 2323
- *In re Biomet M2A Magnum Hip Implant Products Liability Litigation*, MDL No. 2391
- *In re National Collegiate Athletic Association Student-Athlete Concussion Litigation,* MDL No. 2492

12. Zimmerman Reed attorneys hold weekly meetings (and bi-annual retreats) to discuss pertinent issues that arise in cases the firm files, including the case at Bar. I regularly participate in those meetings and discussions which provide me a fuller understanding of mortgage fraud litigation and the disputes and legal issues that often arise in the course of litigating such claims. In addition, other attorneys at my firm contribute, advise, and assist my practice as needed depending on the particular case. This collaborative environment is why I believe Zimmerman Reed's skill and experience, as a firm, is also relevant to my declaration.

13. Zimmerman Reed P.L.L.P. was one of the court-appointed class counsel in the following consumer class actions contenting deceptive practices in relation to real estate financing and settlement practices:

- *Nobles, et al. v. Countrywide Home Loans*, Case No. RG04138349
  Alameda County Superior Court, State of California

- *Mahoney v. Fidelity National Title Company*, Case No. SACV 08-0561
  United States District Court, Central District of California

- *Mitchell v. Chicago Title Ins. Co.*, File No. 02-107299
  Hennepin County District Court, State of Minnesota

- *Schlink v. Edina Realty Title*, File No. 02-18380
  Hennepin County District Court, State of Minnesota

- *Boschee v. Burnet Title Company*, File No. 03-016986
  Hennepin County District Court, State of Minnesota

- *Lund v. Universal Title Company*, File No. 05-00411
  Hennepin County District Court, State of Minnesota

- *Edwards v. Long Beach Mortgage Co.*, File No. 02-16446
  Hennepin County District Court, State of Minnesota,
  consolidated with *White, et al. v. Washington Mutual, Inc., et al.*,
  File No. 03-1282

- *Lang v. Town and Country Credit*, File No. 00-CV-243
  United States District Court, District of Minnesota.

14. The courts in certain of the above-referenced actions have specifically commented on my abilities and qualifications to serve as class counsel. For instance, in Trixie Edwards v. Long Beach Mortgage Co., Hennepin County District Court, Fourth Judicial District, State of Minnesota, Court File No. 02-16446, consolidated with Donald & Kimberly White, et al. v. Washington Mutual, Inc., et al., Court File No. 03-1282, Judge Isabel Gomez certified a national class, appointed me class counsel and later remarked at the Final Approval hearing:

> Here, there is no doubt that the class has had competent counsel and, in fact, both sides have had counsel well beyond competent. It's been a pleasure, so far as it can be a pleasure, to deal with such a complex case, which it can be, it's been a pleasure to have counsel of this quality on both sides.
>
> I wish you would together go out and teach seminars about class action litigation. It would make my life a lot easier.

*Edwards, et al. v Long Beach/Washington Mutual, et al.*, Transcript of Proceedings at Page 10:4-12, before the Honorable Isabel Gomez, July 19, 2005 - Final Approval Hearing (emphasis added). Similarly, in Boschee v. Burnet Title, supra, another case in which I was appointed class counsel, United States District Court Judge James M. Rosenbaum remarked in granting the plaintiff's motion for class certification from the bench and appointing me class counsel:

> There is no question that the counsel in this case have previously had experience in these kinds of cases and can adequately represent the class which they seek to certify.
>
> * * *
>
> The desirability of concentrating the suit in a particular forum, and it seems to the Court most appropriate that it be in a single form and this is now it, and the difficulties of managing a class. If the Court were to listen to some of the plaintive cries of the protectors who array themselves among the defense bar, this Court would be sheltered, coddled and cosseted beyond the dreams of a madman. I can handle this case and so can the lawyers on both sides, and I'm confident we'll be able to do so.

*Boschee v. Burnet Title*, Transcript of Proceedings at Page 37:11-13; 39:5-14, before the Honorable James M. Rosenbaum, May 22, 2001 - Motion for Class Certification.

15. I was also one of the plaintiffs' counsel handling a series of class actions challenging mortgage lender's escrow account servicing practices. Many of these class actions were consolidated before The Honorable James B. Zagel under *In re Mortgage Escrow Litigation*, MDL No. 899 (N.D.Ill.).

16. I was also one of the class counsel in the following actions challenging mortgage lender's practices paying yield spread premiums to borrower's mortgage brokers when interest rates were inflated above "par" rates:

- *Glover v. Standard Federal Bank*, United States District Court, District of Minnesota, Court File No. 97-2068 (DWF/SN);

- *Wilson v. Commercial Federal Mortgage Corp.*, United States District Court, Northern District of Alabama, Court File No. 98-J-0184-S;

- *McBride v. Reliastar*, United States District Court, Northern District of Georgia, Court File No. 98-00215-1-CV-TWT;

- *Schuetz v. Banc One*, United States District Court, District of Arizona, Court File No. 97-01295-RCB.

DECLARATION OF HART L. ROBINOVITCH IN SUPPORT OF REVISED MOTION FOR CLASS CERTIFICATION 5

17. Since 2008 I have been one of the lead plaintiffs' counsel handling several putative class actions brought by employees in the following wage & hour cases contesting employers' failure to pay employees for all the time they work, or by misclassifying workers as not entitled to the protections of laws that protect employees:

- *Doe v. Cin-Lan, Déjà Vu Consulting, Harry V. Mohney*, United States District Court, Eastern District of Michigan, Court File No. 2:08-CV-12719;

- *Desert Showgirls – Patterson, et al. v. 68-444 Perez, Inc., et al.*, United States District Court, Central District of California, Case No. EDCV09-02296 GAF (DTBx);

- *Doe I, et al. v. R&B Muskegon, Inc., et al.*, United States District Court, Western District of Michigan, Case No. 1:09-CV-1018;

- *Trauth v. Déjà Vu Consulting et al*, Superior Court of Los Angeles County, State of California, Case No. BC427315;

- *Trauth v. Spearmint Rhino Companies Worldwide, Inc., et al.*, United States District Court, Central District of California, Case No. EDCV-09-1316 VAP (DTBx).

18. I was also one of the plaintiffs' counsel who represented residents of various skilled nursing facilities in California who sought both monetary damages and injunctive relief for failure to meet California's minimum and adequate staffing requirements in *Montreuil, et al. v. The Ensign Group, Inc., et al.*, Superior Court of Los Angeles County, State of California, Case No. BC449162.

**B. <u>Documents Referenced in Plaintiffs' Memorandum of Law in Support of Revised Motion for Class Certification</u>**

19. Attached to this Declaration as Exhibit 1 are true and correct copies of excerpts from the transcript of the deposition of Andrew Jeska taken on April 24, 2015 ("Jeska I"). The Jeska I transcript is attached in rough format. As of the date of this filing, the final transcript of the April 24, 2015 deposition is unavailable. Should the Court so instruct, Plaintiffs will file a notice of errata with the final version or Defendants can file the same after making their confidentiality designations. **\*\*UNDER SEAL\*\***

20. Attached to this Declaration as Exhibit 2 is a true and correct copy of the public profile of Andrew Jeska available at https://www.linkedin.com/ (last visited on April 22, 2015).

21. Attached to this Declaration as Exhibit 3 are true and correct copies of excerpts from the transcript of the deposition of Andrew Jeska in *Circeo-Loudon v. Green Tree Servicing, LLC, et al.*, No. 14-cv-21384 (S.D. Fla., Sept. 30, 2014) ("Jeska II"). **\*\*UNDER SEAL\*\***

22. Attached to this Declaration as Exhibit 4 are true and correct copies of excerpts from the transcript of the deposition of Daniel Finn in *Rapp v. Green Tree Servicing, LLC, et al.*, No. 12-cv-02496 (D. Minn., May 9, 2013). **\*\*UNDER SEAL\*\***

23. Attached to this Declaration as Exhibit 5 is a true and correct copy of Assurant's "Lender-Placed Insurance: Protecting American Homeownership and the Mortgage Process."

24. Attached to this Declaration as Exhibit 6 is a true and correct copy of Green Tree Servicing, LLC's Responses to Plaintiffs' Interrogatories, Set One dated March 20, 2015.

25. Attached to this Declaration as Exhibit 7 is a true and correct copy of Green Tree Insurance Agency, Inc.'s Responses to Plaintiffs' Interrogatories, Set One dated March 20, 2015.

26. Attached to this Declaration as Exhibit 8 is a true and correct copy of a letter agreement between Wade Burgess, Senior Vice President of Green Tree Insurance Agency, Inc., and Brian Tribble, Senior Vice President of Assurant Specialty Property, dated June 29, 2010. **\*\*UNDER SEAL\*\***

27. Attached to this Declaration as Exhibit 9 is a true and correct copy of Assurant's "Assurtrack/Lender Placed Proposal Prepared for Green Tree," June 2010. **\*\*UNDER SEAL\*\***

28. Attached to this Declaration as Exhibit 10 is a true and correct copy of American Modern Insurance Group's "Proposal for Green Tree," June 11, 2010. **UNDER SEAL**

29. Attached to this Declaration as Exhibit 11 is a true and correct copy of American Modern Insurance Group's "Green Tree Term Sheet," June 11, 2010. **UNDER SEAL**

30. Attached to this Declaration as Exhibit 12 is a true and correct copy of Green Tree Insurance Agency, Inc.'s comparison of "Tracking and Lender Placed Proposals," June 2010. **UNDER SEAL**

31. Attached to this Declaration as Exhibit 13 is a true and correct copy of the Agency Agreement, effective August 1, 1998. **UNDER SEAL**

32. Attached to this Declaration as Exhibit 14 are true and correct copies of Addendums Nos. 1 through 34 to the Agency Agreement. **UNDER SEAL**

33. Attached to this Declaration as Exhibit 15 is a true and correct copy of Addendum No. 35 to the Agency Agreement, effective May 25, 2013. **UNDER SEAL**

34. Attached to this Declaration as Exhibit 16 is a true and correct copy of Addendum No. 36 to the Agency Agreement, effective January 1, 2014. **UNDER SEAL**

35. Attached to this Declaration as Exhibit 17 is a true and correct copy of the Assurtrack Services Agreement, effective November 1, 2004. **UNDER SEAL**

36. Attached to this Declaration as Exhibit 18 is a true and correct copy of the Collection Agreement, effective August 15, 2002. **UNDER SEAL**

37. Attached to this Declaration as Exhibit 19 is a true and correct copy of the Trust Agreement, effective August 15, 2002. **UNDER SEAL**

38. Attached to this Declaration as Exhibit 20 is a true and correct copy of Licensing Agreement, effective November 1, 2010. **UNDER SEAL**

39. Attached to this Declaration as Exhibit 21 is a true and correct copy of the Consent Order, New York State Department of Financial Services, *In the Matter of American Security Insurance Company, et al.*, No. 14-cv-08150 (Jan. 26, 2015).

40. Attached to this Declaration as Exhibit 22 is a true and correct copy of the Consent Order, Florida Office of Insurance Regulation, *In the Matter of American Security Insurance Company*, No. 141841-13 (Oct. 7, 2013).

41. Attached to this Declaration as Exhibit 23 is a true and correct copy of the Complaint for Permanent Injunction and Other Relief, *Federal Trade Comm'n, et al. v. Green Tree Servicing, LLC,* No. 15-cv-02064 (D. Minn., Apr. 21, 2015).

42. Attached to this Declaration as Exhibit 24 is a true and correct copy of a Press Release, Consumer Financial Protection Bureau, "CFPB and Federal Trade Commission Take Action Against Green Tree Servicing for Mistreating Borrowers Trying to Save Their Homes," dated April 21, 2015.

43. Attached to this Declaration as Exhibit 25 is a true and correct copy of a Press Release, Florida Office of Insurance Regulation, "Office Disapproves American Security Insurance Company's Lender-Placed Insurance Rate Filing and Issues Order to Decrease Rates by Approx. $51 Million," dated October 8, 2013.

44. Attached to this Declaration as Exhibit 26 is a true and correct copy of a Press Release, California Department of Insurance, "Insurance Commissioner Dave Jones Announces $42.7 Million Rate Reduction for Policyholders of 'Force-Placed' Mortgage Insurer," dated October 22, 2012.

45. Attached to this Declaration as Exhibit 27 is a true and correct copy of Jeff Horwitz, "Mortgage Servicers Go to Extreme Lengths to Skirt New Regulations," *PBS NewsHour* (http://www.pbs.org/newshour/), dated July 31, 2014 at 7:12 p.m. EDT (last visited on April 21, 2015).

46. Attached to this Declaration as Exhibit 28 is a true and correct copy of Green Tree's "Agency Standard Operating Policies: Lender-Placed Insurance," rev. September 18, 2004. **\*\*UNDER SEAL\*\***

47. Attached to this Declaration as Exhibit 29 is a true and correct copy of Green Tree's "Agency Standard Operating Policies: Outside Policy Tracking," rev. September 18, 2004. **\*\*UNDER SEAL\*\***

48. Attached to this Declaration as Exhibit 30 is a true and correct copy of Green Tree's Agency Manual, "Policy Servicing and Tracking: Lender-Placed Insurance," effective August 1, 2012. **\*\*UNDER SEAL\*\***

49. Attached to this Declaration as Exhibit 31 is a true and correct copy of Green Tree's Agency Manual, "Policy Servicing and Tracking: Lender-Placed Insurance," effective December 1, 2011. **\*\*UNDER SEAL\*\***

50. Attached to this Declaration as Exhibit 32 is a true and correct copy of Green Tree's Agency Manual, "Flood Determinations: Flood," effective December 1, 2010. **\*\*UNDER SEAL\*\***

51. Attached to this Declaration as Exhibit 33 is a true and correct copy of Green Tree's Internal Manual – Customer Service, "Insurance: Lender Placed Insurance (LPI)," effective November 1, 2006. **\*\*UNDER SEAL\*\***

52. Attached to this Declaration as Exhibit 34 is a true and correct copy of Green Tree's Internal Manual – Customer Service, "Insurance: Proof of Insurance (POI)," effective November 1, 2006. **\*\*UNDER SEAL\*\***

53. Attached to this Declaration as Exhibit 35 is a true and correct copy of Green Tree's Webpage, "Agency Standard Operating Policies: Lender-Placed Insurance". **\*\*UNDER SEAL\*\***

54. Attached to this Declaration as Exhibit 36 is a true and correct copy of the Fannie Mae/Freddie Mac Uniform Instrument for California.

55. Attached to this Declaration as Exhibit 37 is a true and correct copy of the Fannie Mae/Freddie Mac Uniform Instrument for Florida.

56. Attached to this Declaration as Exhibit 38 are true and correct copies of excerpts from the transcript of the deposition of Deborah Gadpaille in *Rapp v. Green*

*Tree Servicing, LLC, et al.*, No. 12-cv-02496 (D. Minn., May 9, 2013). **\*\*UNDER SEAL\*\***

57. Attached to this Declaration as Exhibit 39 is a true and correct copy of the Fannie Mae Servicing Guide Announcement SVC-2012-04, dated March 14, 2012.

58. Attached to this Declaration as Exhibit 40 is a true and correct copy of the Testimony of Birny Birnbaum on behalf of the Center for Economic Justice, Public Hearing on Force-Placed Insurance before the New York Department of Financial Services, May 21, 2012, available at http://www.dfs.ny.gov/about/hearings/fp_052012/Birny_Birnbaum_Center_for_Economic_Justice_testimony.pdf.

59. Attached to this Declaration as Exhibit 41 is a true and correct copy of Addendum No. 5 to the Assurtrack Services Agreement, effective June 1, 2014. **\*\*UNDER SEAL\*\***

60. Attached to this Declaration as Exhibit 42 is a true and correct copy of Alan Zibel & Leslie Scism, "U.S. Takes Aim at 'Forced' Insurance," *The Wall Street Journal*, available at http://www.wsj.com (last visited on April 29, 2015).

61. Attached to this Declaration as Exhibit 43 is a true and correct copy of Dani Kass, "Ocwen, Assurant to Pay $140M to Settle Force-Placed Suit," *Law360*, available at http://www.law360.com (last visited on April 29, 2015).

62. Attached to this Declaration as Exhibit 44 is a true and correct copy of the Report and Recommendations on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Settlement Purposes, Directing the Issuance of Class Notice, and Scheduling a Final Approval Hearing, *Lee v. Ocwen Loan Servicing, LLC, et al.*, No. 14-cv-60649 (S.D. Fla., Jan. 13, 2015).

63. Attached to this Declaration as Exhibit 45 is a true and correct copy of Order Approving Report and Recommendation, Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Settlement Purposes, Directing the Issuance of Class Notice, and Scheduling a Final Approval

Hearing, *Lee v. Ocwen Loan Servicing, LLC, et al.*, No. 14-cv-60649 (S.D. Fla., Jan. 23, 2015).

64. Attached to this Declaration as Exhibit 46 are true and correct copies of excerpts from the transcript of the deposition of Plaintiff Carlene Longest taken on April 8, 2015.

65. Attached to this Declaration as Exhibit 47 is a true and correct copy of a letter to Tammy Bradford, Green Tree, from Plaintiffs Lifen and Junxiu Cai, dated August 6, 2012.

66. Attached to this Declaration as Exhibit 48 is a true and correct copy of a letter to Shanna Hardeman, Green Tree, from Plaintiffs Junxiu and Lifen Cai, dated November 25, 2012.

67. Attached to this Declaration as Exhibit 49 is a true and correct copy of a letter to James P., Green Tree, from Plaintiffs Junxiu and Lifen Cai, dated December 29, 2012.

68. Attached to this Declaration as Exhibit 50 is a true and correct copy of a letter to Sharon W., Green Tree, from Plaintiffs Junxiu and Lifen Cai, dated April 2, 2013.

69. Attached to this Declaration as Exhibit 51 is a true and correct copy of a letter to Green Tree Servicing from Plaintiffs Junxiu and Lifen Cai, dated October 11, 2013.

70. Attached to this Declaration as Exhibit 52 is a true and correct copy of a letter to Sharon W, Green Tree Servicing, from Plaintiff Junxiu Cai, dated April 26, 2014.

71. Attached to this Declaration as Exhibit 53 is a true and correct copy of a letter to Green Tree from Plaintiff Junxiu Cai, dated May 14, 2014.

72. Attached to this Declaration as Exhibit 54 is a true and correct copy of a letter to Green Tree Servicing from Plaintiff Junxiu Cai, dated May 28, 2014.

73. Attached to this Declaration as Exhibit 55 is a true and correct copy of a letter to Customer Service, Green Tree, from Plaintiff Junxiu Cai, dated July 26, 2014.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of May, 2015, at Scottsdale, Arizona.

/s/ *Hart L. Robinovitch*
Hart L. Robinovitch