# Exhibit 6

JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
MARY KATE KAMKA (State Bar No. 282911)
mkk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
GREEN TREE SERVICING LLC and
GREEN TREE INSURANCE AGENCY,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARLENE LONGEST, JUNXIU "ALEX" CAI and LIFEN "REGINA" CAI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, a Delaware limited liability company, GREEN TREE INSURANCE AGENCY, INC., a Minnesota corporation,<br><br>Defendants. | Case No. 2:14-cv-08150-CAS-RZ<br><br>**GREEN TREE SERVICING LLC'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE**<br><br>The Hon. Christina A. Snyder<br><br>Action Filed: October 21, 2014 |

PROPOUNDING PARTY: PLAINTIFFS CARLENE LONGEST, JUNXIU
"ALEX" CAI, AND LIFEN "REGINA" CAI

RESPONDING PARTY: DEFENDANT GREEN TREE SERVICING LLC

SET NO.: ONE

11293.0472/3998842.2

RESPONSE TO PLAINTIFF'S INTERR[OGATORIES]

EXHIBIT 8
WIT: Juska
DATE: 4/24/15
Kinkade RDR ORR CSR

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 26 and 33, defendant Green Tree Servicing LLC ("Green Tree Servicing") responds to plaintiffs' first set of interrogatories as follows:

## RESPONSE TO INSTRUCTIONS AND GENERAL OBJECTIONS

1. Green Tree Servicing objects to the interrogatories as vague and ambiguous. Green Tree Insurance Agency, Inc. ("Green Tree Insurance") and Green Tree Servicing are two distinct entities. Green Tree Insurance and Green Tree Servicing are affiliates. Because the defendants are two separate entities, discovery requests addressing both entities simultaneously do not specify with reasonable particularity the information being sought.

2. Green Tree Servicing objects to this set of interrogatories to the extent that it purports to impose obligations on Green Tree Servicing greater than those required under FRCP Rules 26 and 33. In responding to these interrogatories, Green Tree Servicing will comply with its obligations under FRCP Rules 26 and 33 and other applicable provisions of federal law, but will not provide additional information requested by plaintiffs or take other steps not required under the FRCP.

3. Green Tree Servicing objects to the interrogatories to the extent they request information pertaining to lender-placed insurance that is not lender-placed hazard insurance on properties that are subject to a Fannie Mae or Freddie Mac uniform instrument and located in California and Florida. Information relating to any lender-placed insurance besides lender-placed hazard insurance on properties that are subject to a Fannie Mae or Freddie Mac uniform instrument and located in California and Florida does not relate to the claims and defenses of the parties, and thus is outside the scope of allowable discovery.

4. Pursuant to FRCP Rule 26(b)(2)(B), Green Tree Servicing will not produce information from sources that are not reasonably accessible because of undue burden or cost.

5. Green Tree Servicing objects to the interrogatories to the extent they

purport to require it to provide information relating to purported absent class members. Green Tree Servicing maintains that this case is not appropriate for class certification and that, even if a class were ultimately certified, the class definition would have to be limited and/or altered significantly. Class certification has not yet been adjudicated. Therefore, Plaintiffs have no standing to represent any purported absent class members and cannot request documents on their behalf. Interrogatories seeking information related to purported absent class members are not relevant to the proceeding as they are not related to either parties' claims or defenses. (See Fed. R. Civ. P. 26(b)(1).)

6. Green Tree Servicing objects to this set of interrogatories, and to each interrogatory contained herein, to the extent that it directly or indirectly seeks the disclosure of information which is protected by the attorney-client privilege, work product doctrine or other applicable privileges which prevent disclosure of such information. Any disclosure of privileged information in its responses to these interrogatories is unintentional and should not be deemed a waiver of privilege by Green Tree Servicing.

7. Green Tree Servicing objects to the interrogatories to the extent that they request the disclosure of documents containing proprietary, private, and/or sensitive or confidential information. Green Tree Servicing will not disclose such information unless, and until, the court enters an appropriate protective order protecting such information from disclosure to third parties.

8. Green Tree Servicing is continuing its investigation and makes these responses based on information it has obtained to date. Green Tree Servicing reserves the right to revise, correct, supplement, or clarify any of these responses as may be warranted by Green Tree Servicing's ongoing investigation in its defense of this action.

9. Each of these responses and general objections is incorporated into Green Tree Servicing's responses to the individual interrogatories set forth below, as

if fully set forth therein.

**OBJECTIONS TO DEFINITIONS**

1. Green Tree Servicing objects to the definition of "you" and "your" as including both Green Tree Servicing and Green Tree Insurance as vague and ambiguous. Green Tree Servicing further objects to the definition of "you" and "your" as including Green Tree Servicing's "predecessors" and "agents" of Green Tree Servicing as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside of the scope of permissible discovery. Green Tree Servicing further objects to the definition of "you" and "your" to the extent it purports to require a response on behalf of any party other than Green Tree Servicing. Green Tree Servicing will respond only on behalf of itself and will not provide any information regarding its predecessors or any affiliated entities.

**INTERROGATORY NO. 1:**

For each year since 2010: (a) the net written premium assessed in the state of California; and, (b) the total number of force-placed insurance policies issued in the state of California.

**RESPONSE TO INTERROGATORY NO. 1:**

Green Tree Servicing objects that this interrogatory is compound, overly broad and seeks irrelevant information. The interrogatory is overly broad, among other reasons, in that it seeks information relating to lender-placed insurance policies other than hazard insurance on properties other than those that are subject to a Fannie Mae or Freddie Mac uniform instrument. Such information is not relevant to the claims and defenses of the parties.

Green Tree Servicing further objects to the extent this request seeks confidential and proprietary information.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Green Tree Servicing responds that though it will provide the total net written premium and the total number of lender-placed insurance

11293.0472/3998842.2                              4

RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

policies on properties located in California. However, Green Tree Servicing maintains its objection that this information is overbroad in that it includes data relating to customers who are not included in the class definition.

Listed below are the total net written premiums and number of policies issued for each year requested:

- Total net written premium for 2010: $1,672,590.62.
- Total number of lender-placed hazard insurance policies for 2010: 1,856.
- Total net written premium for 2011: $2,654,693.35.
- Total number of lender-placed hazard insurance policies for 2011: 1,132.
- Total net written premium for 2012: $2,247,372.71.
- Total number of lender-placed hazard insurance policies for 2012: 2,722.
- Total net written premium for 2013: $3,976,693.15.
- Total number of lender-placed hazard insurance policies for 2013: 5,868.
- Total net written premium for 2014: $4,548,289.62.
- Total number of lender-placed hazard insurance policies for 2014: 6,786.

**INTERROGATORY NO. 2:**

For each year since 2009: (a) the net written premium assessed in the state of Florida; and, (b) the total number of force-placed insurance policies issued in the state of Florida.

**RESPONSE TO INTERROGATORY NO. 2:**

Green Tree Servicing objects that this interrogatory is compound, overly broad and seeks irrelevant information. The interrogatory is overly broad, among other reasons, in that it seeks information relating to lender-placed insurance policies other than hazard insurance on properties other than those that are subject to a Fannie Mae or Freddie Mac uniform instrument. Such information is not relevant to the claims and defenses of the parties.

Green Tree Servicing further objects to the extent this request seeks confidential and proprietary information.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Green Tree Servicing responds that though it will provide the total net written premium and the total number of lender-placed insurance policies on properties located in Florida. However, Green Tree Servicing maintains its objection that this information is overbroad in that it includes data relating to customers who are not included in the class definition.

Listed below are the total net written premiums and number of policies issued for each year requested:

- Total net written premium for 2009: $1,867,760.06.
- Total number of lender-placed hazard insurance policies for 2009: 951.
- Total net written premium for 2010: $5,622,926.04.
- Total number of lender-placed hazard insurance policies for 2010: 2,853.
- Total net written premium for 2011: $7,771,432.61.
- Total number of lender-placed hazard insurance policies for 2011: 2,763.
- Total net written premium for 2012: $14,104,989.04.
- Total number of lender-placed hazard insurance policies for 2012: 6,090.
- Total net written premium for 2013: $42,627,611.15.
- Total number of lender-placed hazard insurance policies for 2013: 15,679.
- Total net written premium for 2014: $29,605,114.79.
- Total number of lender-placed hazard insurance policies for 2014: 16,710.

**INTERROGATORY NO. 3:**

Identify the total number of mortgages securing a loan in which Defendants service in California and Florida for each year from 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

Green Tree Servicing objects that this interrogatories is vague and ambiguous. Green Tree Servicing objects that this interrogatory is overly broad and seeks irrelevant information. The interrogatory is overly broad, among other reasons, in that it seeks information relating to lender-placed insurance policies on properties

other than those that are subject to a Fannie Mae or Freddie Mac uniform instrument and information outside the applicable statute of limitations period. Such information is not relevant to the claims and defenses of the parties.

Green Tree Servicing further objects to the extent this request seeks confidential and proprietary information.

**INTERROGATORY NO. 4:**

Identify by form number and date any Single-Family, First Lien, Fannie Mae/Freddie Mac Security Instrument on property located in Florida and California that Defendants have serviced during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 4:**

Green Tree Insurance objects that this request seeks information that is equally available to Plaintiffs as the Single-Family, First Lien, Fannie Mae/Freddie Mac Security Instruments are publicly available. Green Tree Servicing objects that this interrogatory is compound, overly broad and unduly burdensome. Green Tree Servicing does not maintain electronic records that are searchable for the type of form security instrument on the loans it services. Thus, identifying all Fannie Mae and Freddie Mac security instruments secured by properties located in California and Florida would require an individual file-by-file review of all Green Tree Servicing's California and Florida customers' loan files.

DATED: March 20, 2015      SEVERSON & WERSON
                           A Professional Corporation


                           By: /s/ Mary Kate Kamka
                              Mary Kate Kamka

                           Attorneys for Defendants
                           GREEN TREE SERVICING LLC and GREEN
                           TREE INSURANCE AGENCY, INC.

# VERIFICATION

I, Andrew Jeska, am employed by Green Tree Insurance Agency, Inc. and authorized to make this verification on behalf of Green Tree Servicing LLC. Based upon my review of business records, information assembled by authorized agents at Green Tree Insurance Agency, Inc., and/or my personal knowledge, the facts stated in defendants' responses to plaintiff's first set of interrogatories are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of March, 2015.

By: _____
    Andrew Jeska

# PROOF OF SERVICE
*Carlene Longest, et al. v. Green Tree Servicing, LLC, et al.*
U.S. District Court Central District of California Case No. 2:14-cv-08150-CAS (RZx)

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On March 20, 2015, I served true copies of the following document(s):

**GREEN TREE SERVICING LLC'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE**

on the interested parties in this action as follows:

| | |
|---|---|
| Christopher P. Ridout, ESQ<br>Caleb Marker, ESQ.<br>RIDOUT LYON + OTTOSON, LLP<br>555 E. Ocean Blvd., Suite 500<br>Long Beach, CA 90802 | *Attorneys for Plaintiffs*<br><br>Telephone: (562) 216-7380<br>Facsimile: (562) 216-7385<br>E-mail: c.ridout@rlollp.com<br>E-mail: c.marker@rlollp.com |
| Bradley C. Buhrow, ESQ.<br>ZIMMERMAN REED, PLLP<br>14646 N. Kierland Blvd., Suite 145<br>Scottsdale, AZ 85254 | *Attorneys for Plaintiffs*<br><br>Telephone: (480) 348-6400<br>Facsimile: (480) 348-6415<br>E-mail: Brad.Buhrow@zimmreed.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 20, 2015, at San Francisco, California.

_____
Chilaren J. Kada

11293.0472/3998842.2

RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE